

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

January 4, 2008

FILED
1-14-08
JAN 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Michael W. Dobbins, Clerk
USDC, Northern District of Illinois
219 S. Dearborn Street, 20th Floor
Chicago, IL 60604

**07CV7186**
**JUDGE LEINENWEBER**

Re:  MDL  1893    In Re:  RC2 CORP. TOY LEAD PAINT PRODUCTS

Transfer of our Civil Case No.  CV 07-5401 AHM (FMOx)

Case Title:  Abel Martinez v. RC 2 Corp.,

Dear Sir/Madam:

An order having been made by the Judicial Panel on Multi-district Litigation transferring/ remanding the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with a copy of the order and a certified copy of the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

Very truly yours,

Clerk, U.S. District Court

By  J. Lam (213) 894-7982
Deputy Clerk

cc:  *All counsel of record*
*Clerk, MDL Panel*

---

**TO BE COMPLETED BY RECEIVING DISTRICT**

Receipt is acknowledged of the documents described herein and, if not already assigned, we have assigned this matter the following case number: _____.

Clerk, U.S. District Court

By _____
Deputy Clerk

CV-117 (5/00)                    TRANSMITTAL LETTER - MDL CASE TRANSFER OUT

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:07-cv-05401-AHM-FMO

Abel Martinez v. RC2 Corporation et al
Assigned to: Judge A. Howard Matz
Referred to: Magistrate Judge Fernando M. Olguin
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 08/17/2007
Date Terminated: 12/27/2007
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Abel Martinez**
*individually and on behalf of all others similarly situated*

represented by **Thomas M Ferlauto**
King & Ferlauto
1880 Century Park Eaast, Suite 820
Los Angeles, CA 90067-1672
310-552-3366
Email: tmf@kingferlauto.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**RC2 Corporation**

**Defendant**

**DOES**
*1 through 10 inclusive*

I hereby attest and certify on 1/28
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
By _____ Deputy

0136

**FILED**
1-14-08
JAN 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2007 | 1 | COMPLAINT against defendant RC2 Corporation.(Filing fee $ 350 PAID) Jury Demanded., filed by plaintiff Abel Martinez.(ak) (Entered: 08/24/2007) |
| 08/17/2007 |   | 20 DAY Summons Issued re Complaint - (Discovery)[1] as to RC2 Corporation. (ak) (Entered: 08/24/2007) |
| 08/17/2007 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Abel Martinez. (ak) (Entered: 08/24/2007) |
| 08/17/2007 |   | FAX number for Attorney Thomas M Ferlauto is 310-552-3289. (ak) (Entered: 08/24/2007) |
| 08/20/2007 | 3 | INITIAL ORDER FOLLOWING FILING OF COMPLAINT ASSIGNED TO JUDGE MATZ by Judge A. Howard Matz: Counsel for Plaintiff shall serve this order on all defendants and/or their counsel along with the summons and complaint, or if that is not practicable as soon as possible thereafter. This case has been assigned to the calendar of Judge A. Howard Matz. The parties are informed of how they are expected to proceed. (gk) (Entered: 08/24/2007) |
| 12/27/2007 | 4 | TRANSFER ORDER from the Judicial Panel on Mutidistrict Litigation MDL 1893, transferring case to USDC, Northern District of Illinois at Chicago. Certified copy of Complaint with certified copy of the transfer order, docket sheet sent. (MD JS-6. Case |

| | | |
|---|---|---|
| | | Terminated.) (jp) Modified on 1/2/2008 (jp). (Entered: 01/02/2008) |
| 01/02/2008 | 5 | Transfer Out Transmittal Letter. Certified copy of Complaint with certified copy of the transfer order, docket sheet sent to USDC USDC, Northern District of Illinois at Chicago on 1/2/2008. (jp) (Entered: 01/02/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/04/2008 15:00:27 | | | |
| PACER Login: | us3877 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:07-cv-05401-AHM-FMO |
| Billable Pages: | 2 | Cost: | 0.16 |

A CERTIFIED TRUE COPY
ATTEST
By Mecca Thompson on Dec 19, 2007

THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**FILED**
**DECEMBER 19, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 19, 2007

FILED
CLERK'S OFFICE

07 C 7186

IN RE: RC2 CORP. TOY LEAD PAINT
PRODUCTS LIABILITY LITIGATION

CV 07-5401-AHM (FMOx)

MDL No. 1893

**TRANSFER ORDER**

JUDGE LEINENWEBER

Before the entire Panel[*]: Defendants and plaintiff in one action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation as follows: (1) plaintiff in the Central District of California action has moved for centralization in the Central District of California; and (2) defendants RC2 Corp. (RC2) and Learning Curve Brands, Inc. have moved for centralization in the Northern District of Illinois. The remaining responding parties agree that centralization is appropriate and support the Northern District of Illinois as transferee forum.

This litigation currently consists of fourteen actions listed on Schedule A and pending in six districts as follows: nine actions in the Northern District of Illinois; and one action each in the Eastern District of Arkansas, the Central District of California, the Southern District of Indiana, the District of New Jersey, and the Eastern District of New York.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions stem from certain toys that were manufactured and/or distributed by defendants and recalled due to the presence of elevated levels of lead in surface paints. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Illinois is an appropriate transferee forum for this litigation. The majority of the actions are pending there, defendant RC2 is headquartered there, and, therefore, discovery will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern

---

[*] Judge Scirica did not participate in the decision of this matter.

[1] The Panel has been notified that four other related actions have been filed in the Northern District of Alabama, the Eastern District of Arkansas, the Southern District of Florida, and the Eastern District of Missouri, respectively. These actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

I hereby attest and certify on _____
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

0136

-2-

District of Illinois and, with the consent of that court, assigned to the Honorable Harry D. Leinenweber for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

                        PANEL ON MULTIDISTRICT LITIGATION

                        _____
                            John G. Heyburn II
                               Chairman

D. Lowell Jensen           J. Frederick Motz
Robert L. Miller, Jr.         Kathryn H. Vratil
David R. Hansen           Anthony J. Scirica[*]

IN RE: RC2 CORP. TOY LEAD PAINT
PRODUCTS LIABILITY LITIGATION

MDL No. 1893

### SCHEDULE A

#### Eastern District of Arkansas

James Weldon Stratton, et al. v. RC2 Corp., et al., C.A. No. 4:07-640 — 07 CV 7185

#### Central District of California

Abel Martinez v. RC2 Corp., C.A. No. 2:07-5401 — 07 CV 7186

#### Northern District of Illinois

Channing Hesse v. Learning Curve Brands, Inc., et al., C.A. No. 1:07-3514
Jennifer Foshee Deke, etc. v. RC2 Corp., et al., C.A. No. 1:07-3609
Kimm Walton v. RC2 Corp., et al., C.A. No. 1:07-3614
John O'Leary, et al. v. Learning Curve Brands, Inc., et al., C.A. No. 1:07-3682
Paul Djurisic, etc. v. Apax Partners, Inc., et al., C.A. No. 1:07-3707
Theresa Reddell, et al. v. Learning Curve Brands, Inc., et al., C.A. No. 1:07-3747
Nicholas Rohde, et al. v. Learning Curve Brands, Inc., et al., C.A. No. 1:07-4187
Ryan R. Kreiner, et al. v. RC2 Corp., et al., C.A. No. 1:07-4547
Cherise Wilson, et al. v. Learning Curve Brands, Inc., et al., C.A. No. 1:07-4642

#### Southern District of Indiana

Chad J. Sweeney, et al. v. RC2 Corp., et al., C.A. No. 1:07-772 — 07 CV 7187

#### District of New Jersey

David Murdock, etc. v. RC2 Corp., et al., C.A. No. 2:07-3376 — 07 CV 7188

#### Eastern District of New York

C. Kelly v. RC2 Corp., C.A. No. 1:07-2525 — 07 CV 7189

KING & FERLAUTO, LLP
1880 CENTURY PARK EAST, SUITE 820
LOS ANGELES, CALIFORNIA 90067-1627
PHONE (310) 552-3366
FACSIMILE (310) 552-3289

Thomas M. Ferlauto, SBN 155503
Attorneys For: Plaintiff

*I hereby attest and certify on 1/2/8 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.*

*CLERK, U.S. DISTRICT COURT*
*CENTRAL DISTRICT OF CALIFORNIA*
*By _____ Deputy*

0136

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL MARTINEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RC2 CORPORATION, and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NUMBER:<br><br>**CLASS ACTION COMPLAINT**<br><br>CV07-05401 AHM (FMOx)<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.  Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on their own behalf and as representative of a Class. The Class includes all persons who purchased "Thomas & Friends" railway vehicles, buildings, and train-type pieces subject to a recall by Defendant.

## PARTIES

2.  Individual and Representative Plaintiff Able Artinez is a member of the class.

-1-
Class Action Complaint
0136

3.  Defendant RC2 Corporation, Inc., is a Illinois-based corporation conducting business throughout the United States. The company sold the products at issue directly to consumers and through retailers.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1332 because Plaintiff alleges that the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs. Further, this Court has jurisdiction over this action because this is a nationwide class action lawsuit in which over $5,000,000 is at issue and there are more than one hundred putative class members.

5.  Venue in this Court is proper pursuant to 28 U.S.C. section 1391 in that substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District, and Defendant is subject to personal jurisdiction in this District.

## FACTS

6.  Thomas & Friends Toys include train-type vehicles, buildings, and other components, sold throughout the United States between January 2005 through June 2007. The Thomas & Friends Toys are apparently made with a yellow and red surface paint containing lead.

7.  The U.S. Consumer Product Safety Commission announced a "recall of the Thomas & Friends" toys, due to reports of lead-based paint in the toys. The recall involves over 1.5 million toys in the United States.

8.  The alleged lead paint in the toys can be potentially dangerous to users of the products.

9.  Thus far, the Defendant has failed to off to fully reimburse consumers for the replacement cost of the product.

10. This class action lawsuit seeks compensatory damages and equitable relief.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action on their own behalf and as representative of a class.

-3-

12. Plaintiff seeks certification of the claims asserted herein pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3) for equitable, injunctive, and declaratory relief.

13. The named Plaintiff herein is a member of the Class he seeks to represent.

14. The Class is so numerous that joinder of all members is impracticable.

15. The Class is comprised of "all persons in the United States who purchased Thomas & Friends Toys" after January 1, 2005.

16. There are questions of law and fact common to the Class including, but not limited to:

   a. Whether Defendant negligently and/or fraudulently distributed, promoted, tested, sold, and/or marketed tainted toys;

   b. Whether Defendant conducted adequate study, testing, and analysis to determine whether and to what extent its toys were unsafe;

   c. Whether Defendant engaged in unconscionable, deceptive, and/or unreasonable business practices and conduct;

   d. Whether Defendant knowingly, intentionally, or negligently concealed, suppressed, or omitted material information concerning the safety of their products from the public;

   e. Whether the Class has suffered injury by virtue of the Defendant's negligence, recklessness, carelessness, and/or unconscionable and/or deceptive business practices and conduct;

   f. Whether the Defendant falsely and fraudulently misrepresented in their advertisements, promotional materials, and other materials, the safety of its product; and

g.  Whether Defendant is strictly liable to the Class.

17. These and other questions of law and/or fact are common to the Class and predominate over any questions affecting only individual Class members.

18. The claims of the named Plaintiff are typical of the claims of the respective Class he seeks to represent.

19. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class he seeks to represent.

20. Plaintiff has retained counsel competent and experienced in complex class actions to represent him and the members of the proposed Class. Accordingly, the interests of the Class will adequately be protected and advanced. In addition, there is no conflict of interest among Plaintiff and the members of the proposed Class.

21. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because, as set forth above, common issues of law and fact predominate over any individual issues and certification of the claims as class claims is superior to other available methods for the fair and efficient adjudication of these claims. In addition, there would be enormous economies to the courts and parties in litigating these common issues on a class-wide basis rather in individual trials. Plaintiff foresees no difficulties in the management of this action as a class action.

## FIRST CAUSE OF ACTION

### [Fraudulent Concealment]

22. Plaintiff hereby restates and realleges each and every allegation set forth above with the same force and effect as if set forth herein and repeated at length.

23. Plaintiff and Class members did not know and could not reasonably have known of the tainted toys.

-4-

Class Action Complaint

24. Defendant actively concealed the defect and their wrongful conduct in order to prevent, and succeeded in preventing, adverse publicity and Plaintiff and the Class members from discovering the potential poisoning.

25. Defendant continued to sell the tainted toys.

26. As a result of Defendant's fraudulent concealment, Plaintiff and Class members, in the exercise of due diligence, could not have reasonably discovered the paint on the toys contained toxic lead.

27. Plaintiff and the Class have suffered injury and losses.

## SECOND CAUSE OF ACTION

### [Fraud]

28. Plaintiff hereby restates and realleges each and every allegation set forth above with the same force and effect as if set forth herein and repeated at length.

29. Defendant suppressed information and continued sales and marketing of their products to the general public. Defendants knew or should have known Plaintiff and fellow Class members had no means, other than Defendant's full, accurate, and objective disclosure, of obtaining the relevant information.

30. Defendant's misrepresentations and omissions were made intentionally to induce Plaintiff and fellow Class members to purchase the products.

31. Defendant's conduct took unconscionable advantage of their dominant position of knowledge, engaging in fraud in their relationship with the Plaintiff and fellow Class members.

32. As a result, Plaintiff and Class members have sustained and will continue to sustain injuries, including economic losses, and other damages, and are therefore entitled to compensatory damages and equitable and declaratory relief according to proof.

## THIRD CAUSE OF ACTION

### [Strict Liability - Failure To Warn]

33. Plaintiff hereby restates and realleges each and every allegation set forth above with the same force and effect as if set forth herein and repeated at length.

34. Defendant developed, manufactured, marketed, and distributed the toys at issue.

35. Defendant did not give an adequate, meaningful warning regarding the risk of injury from their products.

36. As a direct and proximate result of Defendant's failure to warn of this serious risk, the Plaintiff has suffered damages.

## FOURTH CAUSE OF ACTION

### [Breach Of Implied Warranties]

37. Plaintiff hereby restates and realleges each and every allegation set forth above with the same force and effect as if set forth herein and repeated at length.

38. Defendant is in the business of designing, manufacturing and/or supplying and/or placing into the stream of commerce affected toys.

39. By placing affected toys into the stream of commerce, said Defendant impliedly warranted that the affected products were merchantable and fit and safe for their intended use.

40. Defendant breached the implied warranty, because said products were defective, unmerchantable, and not fit for their intended purpose.

41. Plaintiff and family members were a foreseeable user of the product.

42. As a direct and proximate result of Defendant's breach of implied warranties, Plaintiff and family members suffered and will continue to risk possible death and suffer injury, disability, expense and economic loss as previously described, rendering Defendant liable for said damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff request that this Court enter a judgment against the Defendants and in favor of the Plaintiff and the Class and award the following relief:

A. That this action be certified as a class action on behalf of the proposed Class described herein and that counsel of record be appointed to represent the Class;

B. For general damages in an amount to be proven at the time of trial;

C. For special damages in an amount to be proven at the time of trial;

D. For pre-judgment and post-judgment interest on the above general and special damages;

E. For restitution and disgorgement of all profits;

F. For compensatory and other damages, as the Court may determine;

G. Costs, including experts' fees and attorneys' fees and expenses, and the costs of prosecuting this action; and

H. Such other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial as to all claims triable in this action.

Dated: August 17, 2007         KING & FERLAUTO, LLP


_____
Thomas M. Ferlauto
KING & FERLAUTO, LLP
1880 Century Park East, Suite 820
Los Angeles, CA  90067

*Attorneys for Plaintiff and the Class*

-7-
Class Action Complaint

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ABEL MARTINEZ, individually and on behalf of all others similarly situated, <br><br> PLAINTIFF(S) <br><br> v. <br><br> RC2 CORPORATION, and DOES 1 through 10, Inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> — 4 n WAHM (FMO) <br><br><br> SUMMONS |
|---|---|

TO:   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Thomas M. Ferlauto, SBN 155503                      , whose address is:

Thomas M. Ferlauto
KING & FERLAUTO, LLP
1880 Century Park East, Suite 820
Los Angeles, CA 90067
ph 310-552-3366

an answer to the ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim which is herewith served upon you within __20__ days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

AUG 1 7 2007

Dated: _____

Clerk, U.S. District Court

LIZ PADILLA

By: _____
Deputy Clerk

(Seal of the Court)

DOCKETED ON CM

AUG 2 4 2007

186

CV-01A (01/01)                              SUMMONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

**CV07- 5401 AHM (FMOx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ABEL MARTINEZ, individually and on behalf of all others similarly situated | RC2 CORPORATION, and DOES 1 through 10, Inclusive, |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): Oak Brook, IL |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Thomas M. Ferlauto (SBN 155503), KING & FERLAUTO, LLP 1880 Century Park East, Suite 820, Los Angeles, CA 90067 phone: 310-552-3366  fax: 310-552-3289 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No
☐ **MONEY DEMANDED IN COMPLAINT:** $ in excess of $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity, 28 U.S.C. section 1332, fraudulent concealment, fraud, strict liability - failure to warn, breach of implied warranties (dangerous toys)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 350 Motor Vehicle | | | |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 875 Customer Challenge 12 USC 3410 | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☒ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)  CIVIL COVER SHEET  Page 1 of 2

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): There may be other similar cases, unknown at this time.

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Able Martinez -- Los Angeles, CA

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
RC2 Corporation -- Illinois

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Los Angeles, CA

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_  Date Auust 17, 2007

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |